IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DILLARD FAMILY TRUST,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1740-L** |
| | § | |
| **CHASE HOME FINANCE, LLC,**[1] | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand, filed August 23, 2011.  After carefully reviewing the motion, briefs, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.     Factual and Procedural Background**

Plaintiff Dillard Family Trust ("Dillard") originally filed this action on July 5, 2011, in the 298th Judicial District Court, Dallas County, Texas, asserting various state law claims against Defendant Chase Home Finance, LLC ("JPMC")[2] and seeking a declaratory judgment related to real property currently the subject of foreclosure efforts.  In Pl.'s Original Petition (the "Petition"), Dillard requests that the court "[d]eclar[e] that the Deed or Deeds of Trust are invalid and unenforceable, order[] them removed from the title to the property made the subject of this litigation

---

[1]In state court pleadings, Defendant is listed as Chase Home Finance, LLC.  JPMorgan Chase Bank, N.A., however, asserts in Defendant's Notice of Removal that it is the successor by merger to Chase Home Finance, LLC. The court assumes this to be correct, as Dillard Family Trust has not objected and, being successor by merger, JPMorgan Chase Bank, N.A. assumes the liabilities and claims of Chase Home Finance, LLC.  Accordingly, the court **directs** the clerk of the court to amend the caption of this action to reflect that the correct Defendant is JPMorgan Chase Bank, N.A.

[2]*See supra* note 1.

**Memorandum Opinion and Order - Page 1**

and quiet[] title. . . ." Pl.'s Orig. Pet. 3, ¶ 2.  The Petition does not specify a dollar amount of damages sought. Dillard is seeking attorney's fees and costs of suit. *Id.*  The real property at issue is located at 2464 Mallory Lane, Lancaster, Texas 75134 (the "Property"). Pl.'s Orig. Pet. 2, ¶ 1. JPMC asserts that, according to the Dallas County Appraisal District, the real property at issue has a current fair market value of $92,150. Def.'s Not. of Removal 2, ¶ 4.

On July 21, 2011, JPMorgan Chase Bank, N.A., successor by merger to JPMC, removed the action to federal court based on diversity jurisdiction.  Dillard moved to remand the action on August 23, 2011.  The parties dispute neither the amount in controversy nor diversity of citizenship.

## II.    Legal Standard for Removal and Diversity Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

**Memorandum Opinion and Order - Page 2**

initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[F]ederal court may raise subject matter jurisdiction *sua sponte*.").  As this action does not arise under federal law, the court limits its discussion to the amount in controversy and diversity of citizenship.

### A.  Amount in Controversy

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount."  *St. Paul Reinsurance*, 134 F.3d at 1253.  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]."  *De Aguilar*, 47 F.3d at 1412 (emphasis in original).  The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]."  *Allen*, 63 F.3d at 1336.

As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is

not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted).  If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.  If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  It is also "the value of the right to be protected or the extent of the injury to be prevented." *Id.*

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253.  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### B.      Diversity of Citizenship

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004).  "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action."  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

The "citizenship of a trust is that of its trustee." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).  A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

## III.    Analysis

The parties do not disagree whether diversity jurisdiction exists. The parties neither disagree whether complete diversity of citizenship exists, nor do the parties disagree that the amount in controversy in this case exceeds $75,000.  A federal court, however, has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG*, 526 U.S. at 583.

The court will first analyze the amount in controversy to determine if the claims exceed the jurisdictional amount; the court will then analyze the issue of whether there is complete diversity of citizenship in this case.

### A.   Amount in Controversy

According to the Petition, Dillard seeks an unspecified dollar amount of damages, as well as an unspecified amount of attorney's fees and costs of suit. Pl.'s Orig. Pet. 2, ¶ 1.  In the Petition before state court, Dillard requests the following relief:

> (a) Declaring that the Deed or Deeds of Trust are invalid and unenforceable, ordering them removed from the title to the property made subject of this litigation and quieting title in the Plaintiff.
> (b) Awarding the Plaintiff judgment against the Defendant for attorney's fees and costs of suit, together with such other and further relief to which Plaintiff may be justly entitled.

Pl.'s Orig. Pet. 3, ¶ 4.  It is not facially apparent from Dillard's pleadings and Plaintiff's Motion to Remand that the claim or claims asserted exceed the jurisdictional amount.  Thus, the burden shifts to the defendant.

JPMC must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs. *St. Paul Reinsurance*, 134 F.3d at 1253.  The court may rely on summary-judgment type evidence, including evidence found in the notice of removal, to ascertain the amount in controversy. *Id.* at 1253 (footnotes omitted)*; see Allen*, 63 F.3d at 1336. According to Defendant's Notice of Removal, the Property has a "current fair-market value of $92,150 according to the Dallas County Appraisal District." Def.'s Not. of Removal 2, ¶ 4.  Dillard does not dispute the validity of this figure.

An examination of the Petition clearly indicates that Dillard seeks a determination as to whom is the rightful titleholder of the Property.  Specifically, Dillard seeks a declaratory judgment that the Deed or Deeds of Trust are invalid and unenforceable, preventing the foreclosure, and quieting title to the Property. Pl.'s Orig. Pet. 3, ¶ 2.  JPMC relies on *Leininger*, 705 F.2d at 729, for the proposition that "in actions seeking declaratory or injunctive relief the amount in controversy

is measured by the value of the object of the litigation." Def.'s Not. of Removal 3, ¶ 1.  JPMC argues that "absent the requested declaratory relief, Plaintiff could lose all right, title, or interest it has in the subject property." Def.'s Not. of Removal 3, ¶ 2.  JPMC contends that the value of the requested injunctive relief to Dillard is as much as $92,150, which is the current fair-market value of the Property. Def.'s Not. of Removal 2, ¶ 4.  JPMC states that Plaintiff also seeks attorneys' fees and costs of suit. *Id.* Based on this reasoning, JPMC concludes that the amount in controversy exceeds $75,000, exclusive of interest and costs. Def.'s Not. of Removal 2, ¶ 3.

In an action for declaratory judgment, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253).  When a "right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977); *see Griffin v. HSBC Bank USA*, No. 3:10-CV-728-L, 2010 U.S. Dist. LEXIS 124607, at *9-10 (N.D. Tex. Nov. 24, 2010); *see Hanna v. RFC Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-00346-L, 2011 U.S. Dist. LEXIS 80019 (N.D. Tex. July 22, 2011).  If the court grants Dillard's request for a declaration that quiets title to the property, Dillard will hold indefeasible title to the entire property.  Thus, Dillard's request for a declaration that quiets title to the property calls into question a right to the property in its entirety, and the amount in controversy is equal to the value of the property. *See Hayward v. Chase Home Fin., LLC*, No. 3:10-CV-2463-G, 2011 U.S. Dist. LEXIS 78239, at *15-16 (N.D. Tex. July 18, 2011) (and cases cited therein); *see also Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 U.S. Dist. LEXIS 105179, at *6-7 (N.D. Tex. Sept. 16, 2011).  As previously discussed, the parties

do not dispute that the value of the property, set by the Dallas County Appraisal District is over $75,000. Further, the court finds that Defendant's uncontroverted evidence establishes by a preponderance of the evidence that the value of the property is over $75,000. Therefore, Defendant has proved by the preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.

### B.    Diversity of Citizenship

In Defendant's Notice of Removal, Defendant asserts that there is complete diversity of citizenship because Defendant is a citizen of Ohio and Plaintiff is a citizen of Texas. Def.'s Not. of Removal 4, ¶ 3. In Plaintiff's Motion to Remand, Plaintiff states "Plaintiff is a citizen of Texas." Pl.'s Mot. to Remand 1, ¶ 3.  Plaintiff argues that "the citizenship of the parties precludes removal because Plaintiff is a citizen of Texas, the forum state for this action." Pl.'s Mot. to Remand 1, ¶ 1. Plaintiff misreads 28 U.S.C. § 1441(b).

28 U.S.C. § 1441(b) states: "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as *defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (2011) (emphasis added). Plaintiff originally filed the Petition in the 298th Judicial District Court, Dallas County, Texas. The action was removable because Defendant is not a citizen of the state in which the action was brought; Defendant is a citizen of Ohio. Removal is proper under 28 U.S.C. § 1441(b) because Plaintiff is a Texas citizen and JPMC is an Ohio citizen. The court finds that there is complete diversity of citizenship between the parties.

## IV.    Plaintiff's Counsel

In an Article III court, a non-attorney trustee may not represent a trust *pro se*. *Wells Fargo Bank, N.A. v. O'Connor*, No. 2:09-CV-150-S-A, 2009 U.S. Dist. LEXIS 113842 (N. D. Miss. Nov. 19, 2009)  (quoting *Hale Joy Trust v. C.I.R.*, 57 F. App'x 323, 324 (9th Cir. 2003)) (citing *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009); *see also Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994); *see generally* 32 Am. Jur. 2d Fed. Courts § 149 (2009)).  Plaintiff is currently represented by non-attorney trustee Jay Dee Dillard.[3]  Jay Dee Dillard may not represent Dillard Family Trust in this court and will be required to obtain counsel to represent the trust.

## V.    Conclusion

For the reasons stated herein, the court determines that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Accordingly, the court has subject mater jurisdiction over this action and **denies** Plaintiff's Motion to Remand.  For the reasons stated, a trust is not permitted to proceed *pro se* in federal court.  **Accordingly, Dillard Family Trust must obtain counsel by January 23, 2012.  If Plaintiff fails to obtain counsel by this date, the court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order.**

**It is so ordered** this 23rd day of December, 2011.

Sam A. Lindsay
United States District Judge

---

[3]Jay Dee Dillard is not listed as an attorney by the State Bar of Texas.

**Memorandum Opinion and Order - Page 9**