**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DILLARD FAMILY TRUST**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1740-L** |
| | § | |
| **CHASE HOME FINANCE, LLC**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In its Memorandum Opinion and Order of December 23, 2011, the court ordered Plaintiff to obtain counsel by January 23, 2012, and warned Plaintiff that failure to obtain counsel by that date would result in the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. To date, the docket sheet does not reflect that counsel has been obtained by Plaintiff, and Plaintiff has filed no request for an extension of time to obtain counsel.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has failed to comply with the court's order of December 23, 2011. The court also treats Plaintiff's inaction as a failure to prosecute. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court

order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin,* 756 F.2d at 401 (quoting *Rogers v. Kroger,* 669 F.2d 317, 321-22 (5th Cir. 1982)). Plaintiff was specifically warned that sanctions could be imposed for failure to comply with the court's order of December 23, 2011. Sanctions are appropriate in this case.

The court does not know the bases for Plaintiff's failure to prosecute this action or comply with the court's order. In any event, finding no record of purposeful delay or contumacious conduct, the court **dismisses without prejudice** this action, which is an appropriate sanction for Plaintiff's failure to comply with the court's order. Defendant Chase Home Finance, LLC's Motion to Dismiss for Failure to State a Claim, filed July 26, 2011, is **denied as moot**.

**It is so ordered** this 27th day of January, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 2**